BESOSA, District Judge.
Defendant Lara Castro-Ward ("Castro") has filed a second motion to compel the disclosure of discovery pursuant to Federal Rule of Criminal Procedure 16 (" Rule 16") and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). (Docket No. 51.) For the reasons set forth below, the Court DENIES Castro's second motion to compel.
I. Discussion
The parties are familiar with the factual background of this criminal action. Castro stands charged with willfully making false statements to United States Bureau of Prisons ("BOP") officials, and attempting to provide contraband in prison in violation of 18 U.S.C. § 1001(a)(2) and 18 U.S.C. §§ 1791(a)(1) and (b)(4), respectively. (Docket No. 3.) Trial is set for August 29, 2018.
A. Rule 16 Discovery Requests
According to Castro, Rule 16 requires the United States to disclose additional discovery. (Docket No. 51.) Pursuant to Rule 16, "the government must permit the defendant to inspect [inter alia , documents and photographs] or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and "the item is material to preparing the defense." United States v. Goris, 876 F.3d 40, 44 (1st Cir. 2017) (quoting Fed. R. Crim. P. 16(a)(1)(E) ) (internal quotation marks omitted). "A showing of materiality requires 'some indication' that pretrial disclosure of the information sought 'would have enabled the defendant significantly to alter the quantum of proof in his [or her] favor.' " Id. at 45 (quoting United States v. Ross, 511 F.2d 757, 763 (5th Cir. 1975) ). District courts possess broad discretion in deciding motions to compel discovery. Cf. id. ("In order to uphold a district court's denial of a request for additional discovery, we do not demand epistemological certainty that no discoverable information was withheld from the defendant.") (internal citation omitted). If "a defendant's discovery request is grounded in a speculative theory," for example, "a district court's decision to deny that request is not an abuse of discretion." Id. (internal citation omitted).
Castro seeks the disclosure of: (1) "All Bureau of Prison Records pertaining to any and all alleged co-conspirators," (2) the Metropolitan Detention Center ("MDC") Attorney Visiting Log Book from 2015 to the present, (3) "all surveillance images, still or video images of any and all inmates visited by [private investigator] Sherley Montilla between 2015 and the present where they are seen carrying binders," (4) all monitored Corr Links communications for federal inmates Carlos Martínez-Rodríguez ("Martínez"), Luís Fuentes-Nazario, and Emmanuel Moyano-Rodríguez ("Moyano") from 2015 to the present, the (5) unredacted manual for the X-ray machine at MDC, (6) evidence of repairs or repair requests for the MDC X-ray machine, (7) surveillance video of Castro at MDC on July 30, 2016, and (8) the "Original Copy of the images of alleged *265 contraband contained in binders on July 30, 2016." (Docket No. 51.) Moreover, Castro seeks information from the Rover A. Deyton Detention Facility in Lovejoy, Georgia regarding Castro's 2016 visit with federal inmate Moyano. Id. at pp. 9-10.
Castro's discovery requests are premised on speculation. For instance, Castro claims that "monitored communications [from federal inmates] may be of an exculpatory/impeaching nature, in so far [sic ] as they should reflect a scheme wherein unsuspecting victims were used to allegedly smuggle cell phones for them, without knowledge." (Docket No. 51 at p. 5.) The Court cannot compel disclosure of discovery based on Castro's presumption that communications "should," or may contain information favorable to the defense. See United States v. Stepus, No. 15-30025, 2018 WL 1257804 *3, 2018 U.S. Dist. LEXIS 40027 *8 (D. Mass. Mar. 12, 2018) (denying defendant's request for additional discovery because defendant "relies on mere speculation to support his claim that his computer was vulnerable to a third party"). Because Castro's discovery requests are based on speculation, the motion to compel is denied.
The Court emphasizes that communication between the parties would address most of Castro's discovery requests, and obviate the need for judicial intervention in ongoing discovery disputes. (Docket No. 62.) Several discovery requests are moot. For instance, the United States claims that it "has produced all surveillance video that MDC retained of July 30, 2016." Id. at p. 5. Also, the United States informed Castro that "the redactions in the [X-ray] manual produced to the defendant are as they appear in the version the prison possesses." Id. The United States requested that Castro travel to MDC to inspect the requested BOP records. Id. at p. 11. Castro has yet to do so. Id.
B. Discovery Requests Pursuant to Giglio
Discovery in criminal actions is governed by Rule 16, Federal Rule of Criminal Procedure 26.2, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Giglio, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), and the Jencks Act, 18 U.S.C. § 3500. Pursuant to well-settled precedent, "[t]there is no general right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) ; Kaley v. United States, 571 U.S. 320, 335, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014) (holding that the United States has no obligation to "give the defendant knowledge of the Government's case and strategy well before the rules of criminal procedure - or principles of due process ... would otherwise require"). In Giglio, the Supreme Court held the United States must disclose impeachment material when "the reliability of a given witness may well be determinative of guilt or innocence." 405 U.S. at 154, 92 S.Ct. 763.
Castro argues that the following items are subject to disclosure pursuant to Giglio: (1) Martínez's plea supplement, (2) records showing the prior convictions of all the United States' witnesses, (3) BOP disciplinary records of all the United States' witnesses, (4) statements made by the BOP officers who allowed Castro to leave MDC on July 30, 2016, (5) unredacted reports of investigation ("ROI"), (6) "[a]ll crimes confessed by Government Witnesses pursuant to their proffer letters," (7) the "entire disciplinary record of [federal inmate] Centeno," (8) the "list of inmates [who] Ms. Sherley Montilla was authorized to visit ... since 2015 to the present," and (9) the indictment, plea agreement, plea supplement and other *266 documents for the "entire criminal case relating [to] Mr. Emmanuel Moyano at Georgia in September of 2017." (Docket No. 51 at pp. 11-13.)
Several of Castro's requests are moot, or are subject to the United States' ongoing discovery obligations. The United States is "work[ing] to acquire" Martínez's plea supplement. (Docket No. 62 at p. 10.) Furthermore, the United States has provided Castro with the criminal history reports pertaining to its witnesses. Id. With regard to the ROI's, Castro sets forth no basis to compel the disclosure of documents generated by law enforcement officers in the course of an investigation. The Court is confident that the United Sates is aware of its duty to disclose impeachment or exculpatory information timely, and of the consequences of failing to do so. See United States v. Rosa-Pagán, No. 09-319, 2010 U.S. Dist. LEXIS 59737 *13, 2010 WL 2521032 *4 (D.P.R. June 16, 2010) (Arenas, J.) (denying motion to compel disclosure of ROI's, because "[t]he defense only provides a general description of the documents requested and alleges in a conclusory fashion that they are material because they may contain impeachment and/or exculpatory evidence"); citing United States v. Caro-Muñiz, 406 F.3d 22, 30 (1st Cir. 2005).
III. Conclusion
For the reasons sets forth above, Castro's motion to compel is DENIED . Trial remains set for August 29, 2018 at 9:00 a.m. No extensions will be allowed.
IT IS SO ORDERED .